## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Irene A. Rogers,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, N.A. as successor by merger to Countrywide Home Loans, Inc., and Countrywide Home Loans Servicing, LP; Bank of New York Mellon formerly known as the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2005-4; Bank of New York Mellon Trust Company N.A. formerly known as Bank of New York Trust Company N.A. as Co-Trustee for Certificateholders CWABS, Inc., Asset-based Certificates, 2005-4; Mortgage Electronic Registration Systems, Inc.; John and Jane Does 1-10,<br><br>Defendants. | Civil No. 13-1698 (SRN/TNL)<br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendants Bank of America, N.A. as successor by merger to Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP ("BANA"), Bank of New York Mellon formerly known as The Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2005-4 ("BONY")[1], and Mortgage

---

[1] Plaintiff names two separate Bank of New York Mellon entities in her suit. It appears as though she intends to sue the trustee for the securitized mortgage trust CWABS 2005-04. As such, this memorandum treats both named Bank of New York Mellon entities as

Electronic Registration Systems ("MERS") (collectively, "Defendants") move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In this action, Irene A. Rogers ("Plaintiff") seeks to undo a residential mortgage foreclosure sale. In support of her action, Plaintiff alleges that the assignment of the subject mortgage was defective and that BANA breached its alleged contractual obligations by failing of modify the subject loan. Plaintiff's allegations cannot support a viable legal claim under Minnesota law and, thus, her complaint should be dismissed with prejudice for failure to state a claim.

## FACTUAL BACKGROUND

Plaintiff's allegations revolve around a mortgage loan executed on April 25, 2005, for property located at 13443 Red Fox Road, Rogers, Minnesota ("Property") - evidenced by a note ("Note") and a mortgage ("Mortgage") on the Property that serves as security for that Note - and the subsequent foreclosure proceedings and loss mitigation efforts concerning the loan. (*See* Compl., pp. 7-15; Anderson Aff. Ex. A[2]; Anderson Aff. Ex. B[3]).

---

one – the trustee for the securitized trust CWABS 2005-04. Although the Bank of New York entities are referred to together, this Motion seeks to dismiss all claims brought against all named defendants in this action.

[2]     The Note is attached to the Affidavit of Keith S. Anderson ("Anderson Affidavit") as Exhibit A. In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider the complaint, materials embraced by the complaint, matters of public record, orders, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted). Here, Plaintiff attached many of the documents concerning the Mortgage to her complaint as exhibits. Further, as Plaintiff's complaint revolves around the subject mortgage loan, the remaining documents attached to the Anderson Affidavit concerning the loan are materials

2

The original mortgagee under the Mortgage was MERS. (*See* Anderson Aff. Ex. B, ¶ C). Subsequently, MERS assigned the Mortgage to BONY on June 10, 2008. (*See* Anderson Aff. Ex. C[4]). On January 11, 2012, BONY recorded a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage by Corporation with the Hennepin County Recorder, which authorized foreclosure of the Mortgage by advertisement. (*See* Anderson Aff. Ex. D[5]). The Property was sold to BONY at the foreclosure sale on May 17, 2013. (*See* Anderson Aff. Ex. E[6]).

On June 28, 2013, Plaintiff filed this action against Defendants. In her complaint, Plaintiff asserts six purported causes of action: declaratory judgment with regard to defective assignments (Count One); declaratory judgment with regard to defective foreclosure (Count Two); declaratory judgment with regard to breach of contract (Count Three); defamation of title (Count Four); violation of Minn. Stat. §§ 58.13 and 58.18 Count Five); and a cause of action under Minn. Stat. § 8.31 (Count Six). Plaintiff seeks declaratory relief voiding the recorded assignment of the Mortgage and the foreclosure sale of the Property, as well as monetary damages. (*See* Compl., pp. 18-19, 23-24, 26-27,

---

embraced by the complaint, and may be considered by this Court in deciding this motion to dismiss.

[3]  The Mortgage is attached to the Anderson Affidavit as Exhibit B.

[4]  The Assignment of Mortgage is attached to the Anderson Affidavit as Exhibit C.

[5]  The Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage by Corporation is attached to the Anderson Affidavit as Exhibit D.

[6]  The Sheriff's Certificate of Sale is attached to the Anderson Affidavit as Exhibit E.

3

29, 31, 32-36). Because Plaintiff has failed to state a viable claim for relief in her complaint, Defendants request dismissal of this action in this motion.

## MOTION TO DISMISS STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under this familiar standard, Plaintiff's complaint here fails to state any viable claim upon which relief can be granted and should be dismissed with prejudice.

## ARGUMENT

Plaintiff's claims rely on two primary theories of alleged wrongdoing – first, that the Mortgage was not properly assigned to the foreclosing entity resulting in a void foreclosure, and second, that BANA allegedly failed to honor a loan modification contract with Plaintiff. As set forth in detail below, both theories fail as a matter of law and cannot support any viable legal claims.

## I. PLAINTIFF'S CHALLENGE TO THE ASSIGNMENTS OF MORTGAGE FAILS AS A MATTER OF LAW

In Count One, Plaintiff seeks a declaration from this Court that the recorded assignments of the Mortgage are defective because they were allegedly executed after the securitized trust had closed according to the terms of the pooling and servicing agreement governing the trust. (*See* Compl., pp. 17-18). According to Plaintiff, because the assignments of the Mortgage were executed after the closing date of the trust, the assignments lack legal effect and, thus, resulted in a void foreclosure. (*See id.* at p. 19). Plaintiff's theory, however, fails as she does not have standing to challenge the assignments.

Plaintiff lacks standing to challenge the assignments of mortgage into a trust as she was not a party to the pooling and servicing agreement governing the trust. *See Sneh v. Bank of New York Mellon*, Civ. No. 12-954, 2012 WL 5519690, at *5 (D. Minn. Oct. 30, 2012) ("[t]he law in this jurisdiction is clear. A plaintiff does not have standing to challenge the validity of an assignment into a Trust because the plaintiff is not a party to the [pooling and servicing agreement]."); *Novak v. JP Morgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 WL 3638513 at *6 (D. Minn. Aug. 23, 20120) (dismissing the plaintiffs' complaint with prejudice and noting that the plaintiffs lacked standing to challenge any purported breach of a pooling and servicing agreement).

In *Anderson v. Countrywide Home Loans*, Civ. No. 10-2685, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011), the district court addressed the exact scenario presented in this case. In *Anderson*, the plaintiffs challenged an assignment of mortgage executed

after the trust closing date stated in the applicable pooling and servicing agreement. *Id.* The court there rejected the plaintiffs' challenge and held that "Plaintiffs have cited no authority that an assignment made in contravention of a PSA is invalid. Moreover, Plaintiffs do not have standing to challenge the validity of the assignment to the Trust because they are not parties to the [pooling and servicing agreement.]" *Id.* Thus, Plaintiff here, like the plaintiffs in *Anderson*, lacks standing under Minnesota law to challenge any assignments of mortgage based on allegations that the assignments are invalid for allegedly violating the terms of the applicable pooling and servicing agreement, to which Plaintiff is not a party.

Count One should be dismissed as a matter of law because Plaintiff lacks standing to challenge the assignments of the Mortgage based on an alleged non-conformance with terms of the applicable pooling and servicing agreement, to which Plaintiff is not a party.

## II. PLAINTIFF'S CHALLENGES TO THE FORECLOSURE BY ADVERTISEMENT FAIL AS A MATTER OF LAW

In Counts Two, Five, and Six, Plaintiff seeks monetary damages and declaratory relief invalidating the foreclosure based on alleged statutory violations, primarily surrounding assignments of mortgage. Specifically, Plaintiff alleges that Defendants failed to include all assignment of mortgage on the notice of foreclosure in violation of Minn. Stat. § 580.04 or, in the alternate, failed to record a "valid and legal assignment" of mortgage in violation Minn. Stat. § 580.02. (*See* Compl., pp. 20-21). Plaintiff further contends that these alleged statutory violations give rise to causes of action under Minn. Stat. §§ 58.13, 58.18, and 8.13. (*See* Compl., pp. 29-32). Additionally, Plaintiff contends

6

that BONY did not "own" the mortgage and thus its credit bid at the foreclosure sale violated Minn. Stat. § 580.11. (*See id*. at pp. 22-23). Based on these allegations, Plaintiff concludes that the foreclosure by advertisement is "void and of no legal effect." (*Id*. at p. 23). Each one of Plaintiff's challenges to the foreclosure, however, fails as a matter of law and can support neither a claim that the foreclosure was defective nor any other claim under the Minnesota statutes.

### a. Plaintiff Cannot State A Claim for Violation of Minn. Stat. § 580.04

Plaintiff's claim for an alleged violation of section 580.04 based on BONY's failure to list a subsequent recorded assignment of mortgage on the notice of foreclosure sale fails as a matter of law as the second assignment of the Mortgage referenced by Plaintiff, dated October 17, 2011, is irrelevant and has no effect on the validity of the subject foreclosure proceedings. The Mortgage was properly assigned from MERS to BONY by way of the first assignment of mortgage dated June 10, 2008. (*See* Anderson Aff. Ex. C). Thus, the subsequent assignment in 2011 from MERS to BONY, is irrelevant as the transfer of interest had already been accomplished with the first assignment and the second assignment then had no effect on legal title. The Minnesota Supreme Court held in *Jackson v. Mortg. Elec. Registration Sys., Inc.,* 770 N.W.2d 487, 496 (Minn. 2009), that only assignments of mortgages that affect legal title need to be recorded and included on the notice of foreclosure under Minnesota law. Therefore, the first assignment from MERS to BONY, recorded with the Hennepin County Recorder, is the only operative and relevant assignment in this case and the only assignment that

7

BONY needed to list on the notice of sale, and said assignment was included on the notice. (*See* Anderson Aff. Ex. E, p. 17).

  **b.**  **Plaintiff Cannot State a Claim for Violation of Minn. Stat. § 580.02**

Plaintiff's alternative challenge to the foreclosure based on an alleged violation of section 580.02 is equally unsuccessful and fails as a matter of law. Section 580.02 requires that all assignments of mortgage be recorded prior to foreclosure. In her complaint, Plaintiff alleges that because the assignments of mortgage from MERS to BONY were allegedly defective because they were executed after the closing date of the trust, no "valid and legal" assignment of the Mortgage was recorded. (*See* Compl., p. 21). This is simply a re-packaging of Plaintiff's challenge to the validity of the assignment of mortgage based on the requirements of the pooling and servicing agreement. Because Plaintiff cannot invalidate any assignments of mortgage based on compliance with the terms of the pooling and servicing agreement (*see supra* Part I), she cannot state a claim for violation of section 580.02 based on the alleged invalidity of any assignments. Defendants have presented a recorded assignment from MERS, nominee of the originating entity, to BONY, the foreclosing entity, which satisfies the recordation requirement of section 580.02 and demonstrates a complete chain of title. *See* Anderson Aff. Ex. C; *see generally Blaylock v. Wells Fargo, N.A.,* Civ. No. 12-693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012) (holding that the public record, which clearly showed a complete chain of title properly recorded, rebuffed allegations of unrecorded assignments of mortgage), *aff'd*, 502 Fed. Appx. 623 (8th Cir. Apr. 19, 2013).

### c. Plaintiff Cannot Base Any Statutory Claims On Her Ineffective Challenge To The Assignment of Mortgage

In Plaintiff's final statutory challenge to the foreclosure, she alleges that the foreclosure sale was defective because BONY allegedly "credit bid" on a mortgage that it did not own. (*See* Compl., p. 22). Like her other statutory challenge, this argument relies on the allegation that the assignment of mortgage from MERS to BONY is invalid. As set forth above, Plaintiff cannot make such an allegation as she lacks standing to challenge the validity of an assignment into a trust for purported violation of the applicable pooling and servicing agreement. *See Stinson v. U.S. Bank, N.A.,* Civ. No. 12–68, 2012 WL 2529354, at *3 (D. Minn. June 12, 2012) ("[T]o the extent that the [plaintiffs] allege that the defendants did not comply with the provisions of the PSA, the [plaintiffs] have no standing to assert claims on this basis because they are not parties or third-party beneficiaries to such agreements ."); *Karnatcheva v. JP Morgan Chase Bank, N.A.*, Civ. No. 11–3452, 2012 WL 1657531 at *6 (D. Minn. May 11, 2012) ("[P]laintiffs have no standing to assert any breaches of the PSAs, as they are not third parties or third party beneficiaries to such agreements."). Thus, Plaintiff lacks standing to challenge the recorded assignment from MERS to BONY and said assignment is record evidence of BONY's status as legal mortgagee of record. (*See* Anderson Aff. Ex. C).

Plaintiff cannot maintain cause of action based on violation of Minnesota statutes when all of her allegations depend on a determination that the properly recorded assignment of mortgage from MERS to BONY is invalid for failure to comply with the

requirements of a pooling and servicing agreement to which she is not a part. Thus, Counts Two, Five, and Six fail as a matter of law and should be dismissed.

### III. PLAINTIFF CANNOT STATE A CLAIM FOR DEFAMATION OF TITLE

Plaintiff alleges, in Count Four of the complaint, that Defendants defamed title to the Property because they recorded foreclosure documents, including an assignment of mortgage, notice of pendency, and sheriff's certificate of sale, that were "illegal" and "invalid" because "no assignment to the Mortgage Trust was executed prior to the Mortgage Trust closing." (*See* Compl., pp. 27-29).

Under Minnesota law, "slander of title requires a plaintiff to establish: (1) a false statement; (2) was published to others; (3) was published maliciously; and (4) the publication caused plaintiff pecuniary loss in the form of special damages." *Blaylock*, 2012 WL 2529197, at *6 (citing *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000)) (dismissing slander of title claim where borrowers failed to identify a false statement made by defendants, failed to allege malice on defendants' behalf, and did not demonstrate pecuniary loss as a result of publication); *see also Anderson v. Citimortgage, Inc.*, Civ. No. 12-230, 2012 WL 3025100, at *6 (D. Minn. July 24, 2012) (dismissing slander of title claim where borrowers had identified no false statements concerning their real property); *Schumacher v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-29, 2013 WL 3033746, at *2-3 (D. Minn. June 17, 2013) (dismissing a quiet title claims where the plaintiff failed to allege facts from which the court could infer that the defendants made a false statement, that defendants acted with malice, or that the plaintiff suffered any pecuniary damages).

In order to demonstrate malice, a plaintiff would have to show the defendant acted with "[r]eckless disregard concerning the truth or falsity of the matter." *Kaylor v. Bank of America, N.A.*, Civ. No. 12-1586, 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (internal citations omitted) (dismissing a slander of title claim where the homeowners allege no facts in the complaint to support malice); *see also Stinson,* 2012 WL 2529354, at *3 (recommending dismissal of a slander of title claim where borrowers do not allege any facts upon which the court could conclude that the defendants make a malicious publication or that the alleged false statement caused them loss).

A slander of title claim also fails where there is no evidence that the plaintiff relied on the alleged misrepresentation. *See Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976, 994 (D. Minn. 2012), *aff'd,* -- F.3d -- , 2013 WL 3491049 (8th Cir. July 15, 2013). In *Welk*, the district court found that without a showing of reliance on any misrepresentation, the borrowers' claim for slander of title based on, among other things, allegedly invalid foreclosure documents "obviously must fail." 850 F. Supp. 2d at 993. Where a borrower cannot identify any way in which he or she relied on any alleged misrepresentation, a claim for slander of title must be dismissed. *Id.*

In this case, Plaintiff has alleged no facts to support "false" publication with maliciousness, as none of the complained of conduct even approaches "reckless disregard" concerning the truth or falsity of the foreclosure documents. Moreover, Plaintiff has not alleged any way in which she relied on the representations made in the foreclosure documents related to the Mortgage. Without any link between the allegedly false documents and any detrimental reliance, Plaintiff's purported claim here, like the

11

slander of title claim in *Welk*, must fail because Plaintiff does not plead all requisite elements of slander of title. Accordingly, Count Four should be dismissed with prejudice.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Plaintiff alleges a claim for breach of contract against BANA based on an alleged failure to honor a 2010 loan modification agreement between her late husband, the borrower on the Note, and BANA. (*See* Compl., pp. 24-27). According to Plaintiff's complaint, BANA "breached the Loan Modification Agreement and Note by accepting payments thereto, but refusing to sign the Loan Modification Agreement required to be writing pursuant to Minn. Stat. § 513.01." (*See id.* at pp. 26-27).

Plaintiff's breach of contract claim fails, however, as there was no contract formed between Plaintiff and BANA to be breached. As Plaintiff appears to acknowledge in her allegations, a loan modification agreement is subject to the writing requirement found in Minn. Stat. § 513.33 for alterations to credit agreements. (*See* Compl., pp. 26-27). "[U]nder Minnesota law, a loan modification constitutes a credit agreement, and Minnesota's Statute of Frauds and Credit Agreement Statute bars the enforcement of 'credit agreements' that are not in writing and signed by both the creditor and debtor." *Armstrong v. Ocwen Loan Servicing, LLC,* Civil No. 12–146, 2012 WL 4009448, at *3 (D. Minn. Sept. 12, 2012) (citing Minn. Stat. § 513.33, subd. 2); *Cozad v. Litton Loan Servicing*, Civ. No. 12-32, 2012 WL7688260, at *8 (D. Minn. Dec. 12, 2012) (dismissing a borrower's breach of contract claim for failure to allege that the parties entered into a written agreement to modify the mortgage). In *Myrlie v. Carrington Mortg. Services,*

*Inc.*, 775 F. Supp. 2d. 1100, 1108 (D. Minn. 2011), the court held that because a loan modification agreement constitutes a credit agreement under Minn. Stat. § 513.33, a borrower cannot maintain a cause of action for breach of contract unless the agreement "in writing, expresses consideration, and sets forth relevant terms and conditions, and is signed." The court there dismissed the borrower's breach of contract claim because the borrower neither alleged nor presented any evidence that the loan modification agreement at issue was in writing. *See id; see also, Labrant v. Mortgage Electronic Registration Systems, Inc.*, *et al.*, 870 F. Supp. 2d 671, 676-77 (D. Minn. 2012) (dismissing borrowers' attempt to enforce an oral loan modification and stating that a modification to a credit agreement is a contract subject to the statute of frauds that cannot be modified orally) (internal citations omitted); *Peterson v. Carrington Mortgage Services, Inc., et al.*, Civ. No. 12-0759, 2012 WL 6969870, at *4 (D. Minn. Oct. 11, 2012) (dismissing borrowers' claims and finding that an attempted loan modification was a financial accommodation and credit agreement under § 513.33 and had to be signed by both borrower and lender to have legal effect).

Based on Plaintiff's own admissions, the alleged "contract" breached by BANA was not a written agreement signed by the creditor or the debtor on the note. (*See* Compl., pp. 26-27). Plaintiff has not even alleged that she entered into a written loan modification agreement. As such, Plaintiff's claim for breach of contract fails as a matter of law because there was no enforceable contract.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss should be granted, and the complaint must be dismissed in its entirety with prejudice.

Dated: November 14, 2013

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: /s/ Keith S. Anderson
  Keith S. Anderson (#395047)
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8714
Fax: (205) 488-6714
kanderson@babc.com

**BRIGGS AND MORGAN, P.A.**

Mark G. Schroeder (#171530)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Fax: (612) 977-8650
mschroeder@briggs.com

**Attorneys for Defendants Bank of America, N.A., Bank of New York Mellon, and Mortgage Electronic Registration Systems, Inc.**