**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Irene A. Rogers,<br><br> Plaintiff,<br>v.<br><br>Bank of America, N.A. as successor by Merger to Countrywide Home Loans, Inc, and Country Home Loans Servicing, LP; Bank of New York Mellon FKA as Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2005-4;<br>Bank of New York Mellon Trust Company N.A. FKA<br>Bank of New York Trust Company N.A. as Co-Trustee for Certificateholders CWABS, Inc., Asset-based Certificates, 2005-4;<br>Mortgage Electronic Registration Systems, Inc., a Delaware corporation,<br>, John and Jane Does 1-10,<br> Defendants. | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br> Court File No.13-cv-1698 (SRN/TNL) |

Plaintiff Irene A. Rogers ("Plaintiff") files this supplemental brief following this court's grant of leave to file same during the motion hearing on April 10, 2014.

### I. STANDING TO SUE

Defendants' core argument in support of their pending motion is that Plaintiff lacks standing to challenge the assignments of her mortgage to a securitized mortgage trust. Their argument relies exclusively on a small group of cases from the present United State District Court which suffer from common procedural defects and a single 8th Circuit Court of Appeals case adopting these cases wholesale. Essentially, this Court (and the 8th Circuit) concluded that homeowners lack standing to challenge assignments to a securitized mortgage trust. However, all these cases also share a common, flawed analysis of standing unsupported by any specific legal authority which conflicts with United States Supreme Court precedent. *See* Memo in Opp. at 10 *(citing* United States Supreme Court precedent).

Not a single case cited by Defendants apply the U.S. Supreme Court's three prong test for standing to sue or specify authority for their uniform conclusion that no standing exists. *See* Memorandum in Opposition at 9-10. Regrettably, the 8th circuit's adoption of the finding of no standing in these cases provides no further guidance:

> …district courts in Minnesota have recently addressed this issue and have uniformly held that mortgagors do not have standing to request declaratory judgments regarding these types of trust agreements because the mortgagors are not parties to or beneficiaries of the agreements. *See, e.g., Novak v. JP Morgan Chase Bank, N.A.,* No. 12–589, 2012 WL 3638513, at *6 (D.Minn. August 23, 2012); *Greene v. Home Loan Servs., Inc.,* No. 09–719, 2010 WL 3749243, at

> *4 (D.Minn. Sept. 21, 2010); *see also Karnatcheva,* 871 F.Supp.2d at 842. We believe that the reasoning in these cases is sound, and we adopt it.

*Karnatcheva v. J.P. Morgan Chase*, 704 F.3d 545, 547 (8th Cir. 2013)

Two recent cases cited by Defendants at the motion hearing on April 10, 2014 add little to the analysis adopted in *Karnatcheva* . *See Twigg v. U.S. Bank, NA*, 2014 WL 755230 at *3. The remaining case, *Wolff v. Bank Of New York Mellon,* offers more discussion than the prior cases. Although Judge Patrick J. Schltiz did not address the appositive Supreme Court precedent-due to prior Plaintiffs' uniform failure to cite any such precedent-it-he did discuss standing at some length. *See Wolff v, Bank of New York,* 2014 WL 64150 at *! *and* *10. *See Twigg v. U.S. Bank, NA*, 2014 WL 755230 at *3.(same) Significantly, *Karnatcheva* and the cited district court cases conflict with Supreme Court precedent on standing. As this authority was not raised in any of the prior cases, neither the 8th circuit nor this Court is necessarily bound by *Karnatcheva. See e.g. Tenet v. Doe*, U.S 1, 10-11 (8th Circuit bound by Supreme precedent not overruled)(8th Cir. 2005); *Fond de Lac Band v. Frans*, 649 F. 3d 849, 853 (8th Cir. 2011); *Jones v. St. Paul Cos.*, 495 F.3d at 888, 893. (8th circuit bound by Supreme Court's considered dicta) (8th Cir. 2007). Moreover, under this Court's diversity jurisdiction, it is required to apply state *substantive* law. *Erie*

3

*Railroad Co. v. Tompkins,* 304 U.S. 64, 78(1938), *Gasperini v. Center for Humanities,* 518 U.S. 415,427 (1996). Defendants cite no Minnesota state *substantive* precedent for the proposition that securitized mortgage trusts are somehow exempt from Minn. Stat. §580.02(3) and immune from Minn. Stat. §559 *et seq, Karnatcheva* and its district court predecessors appear to abrogate recent Minnesota Supreme court precedent, Minn. Stat. §580 et seq, Minn. Stat. §559 *et seq* and conflict with *Erie* and its progeny.[1]

II. **SECURIZATION FAILURE**

As mortgage securitization is a specialized and technical subject, it is not a revelation it has proved a thorny area for attorney to litigate and judges to adjudicate such claims. *See e.g. In re Salvidar*, 2013 WL 2452699 (Bankr. S.D. Texas) Given this inherent complexity, *pro se* litigants and many attorneys lacking backgrounds in either securities or real property law are challenged to draft the requisite plausible claims. In addition, due to the structure of certain mortgage trusts, the evidence

---

[1] See *Jackson v. Mortgage Elec. Registration System, Inc.*, 770 N.W.2d 487 at 501 and 494. Roughly a year ago in *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53 (Minn. 2013)the Minnesota Supreme Court held that all assignments be recorded prior to commencing foreclosure. The analysis is further complicated in the present matter because there is no current Minnesota state precedent indicating to what degree, if any, *Ruiz* modifies the Minnesota Supreme Court's holding in *Jackson,* and whether or not Defendants complied with Minn. Stat. 580.02(3) cannot be determined without ascertaining whether either of the assignments of record constitute valid assignments pursuant to N.Y. EPTL §7-2-4.

to prove or refute the validity of the trust is proprietary to Defendants. *See generally New York Trust Law 7-2.4, Securitization Failure, Why Late Loan Transfers to REMICS Are Void, Part One*, N.Y. Business Law Journal Vol. 2 no. 17 (Winter 2013) incorporated herein and attached hereto as Exhibit A.

### III. Contract Issues

Defendants' argument that "no contract was formed" mischaracterizes and confuses the actual issue of *whether the existing mortgage contract was modified* unless Defendants' intend to argue no mortgage loan exists. *See* Memo in support at 12. After all, it is undisputed that none of the Defendants actually extended any credit or loaned money whatsoever to Plaintiff. *See* Cmpl at Exhibit B (mortgage lien). While mortgage obligations are indeed subject to the statute of frauds, the statute of frauds is not always an absolute defense See Minn. Stat. §§ 513.01 and 513.04. *See Casaza v. Kiser,* 313 F.3d 414 (8th Cir. 2002), *Lunning v. Land O'Lakes*, 303 N.W.2d 452 (Minn. 1980), *Poksvla v. Sundholm,* 106 N.W.2d 202 (Minn. 1960), *Starry Const. v. Murphy Oil USA, Inc,* 785 F. Supp. 1356 (D. Minn. 1992). Consequently, Plaintiff's breach of contract claim remains viable and plausible.

### IV. Conclusion

For the foregoing reasons, Plaintiff's factual allegations support plausible claims upon which relief can be granted, and Plaintiff requests the Court deny Defendants' motion to dismiss, and retain the case on the Court's docket. If the Court finds that any of the Plaintiffs' claims are not legally sufficient to state a claim, Plaintiffs respectfully request leave to amend.

Dated: April 17th, 2014    Respectfully Submitted By
                           Keogh Law Office

                           /s/Michael J Keogh
                           Michael J. Keogh (#0286515)
                           P.O. Box 11297
                           St. Paul, Minnesota 55111
                           Telephone (612) 644-2861